UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENEE D. JONES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

CASE NO. 12-10502

HON. MARIANNE O. BATTANI

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, REVERSING THE DECISION OF THE COMMISSIONER, AND REMANDING THE MATTER FOR FURTHER PROCEEDINGS**

This matter is before the Court on Defendant Commissioner of Social Security's Objections to the Magistrate Judge's Report and Recommendation ("R&R") reversing the decision of the Commissioner denying Plaintiff Renee D. Jones' claim for benefits. (Doc. 19). The R&R, issued by Magistrate Judge Michael Hluchaniuk, recommended the matter be reversed and remanded based on the ALJ's failure to appropriately explain the lack of weight afforded to Plaintiff's treating physician. Defendant responded, arguing the ALJ provided sufficient explanation through citing the inconsistency of the medical opinions with other evidence in the record. For the reasons stated below, the Court **OVERRULES** Defendant's objections, **ADOPTS** Magistrate Judge's R&R, **DENIES** Defendant's Motion for Summary Judgment, **GRANTS** Plaintiff's Motion for Summary Judgment, and **REMANDS** the matter for further proceedings consistent with this Opinion.

**I.     STATEMENT OF FACTS**

As the parties have not objected to the Magistrate Judge's recitation of the procedural history and administrative record, the Court adopts that portion of the R&R as if fully set forth herein. See (Doc. 17 at 3-10).

**II.    STANDARD OF REVIEW**

**A.    Objections to Magistrate Judge's Report and Recommendation**

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[ ] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

**B.    Commissioner's Disability Determination**

Judicial review of the Commissioner's disability decision is limited to determining whether the findings are supported by substantial evidence and whether the Commissioner employed proper legal standards in reaching his conclusion. Brainard v. Sec'y of HHS, 889 F.2d 679, 681 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v.

Sec'y of HHS, 987 F.2d 1230, 1233 (6th Cir. 1993); Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009). Consequently, the standard of review is deferential and allows considerable latitude to administrative decisionmakers because it presupposes there is a "zone of choice" within which the decisionmakers can go either way, without interference by the courts. Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994); Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

When determining whether substantial evidence supports the Commissioner's decision, the reviewing court must take into consideration the entire record, including "whatever in the record fairly detracts from its weight." Id. When the Appeals Council declines to review the Administrative Law Judge's ("ALJ") decision, the court's review is limited to the record and evidence before the ALJ. Cotton v. Sullivan, 2 F.3d 692, 696 (6th Cir. 1993). The court may look at any evidence in the administrative record, even if it has not been cited by the ALJ. Walker v. Sec'y of HHS, 884 F.2d 241, 245 (6th Cir. 1989). There is no requirement, however, that the reviewing court discuss every piece of evidence in the record. Kornecky v. Comm'r of Soc. Sec., 167 F.App'x. 496, 508 (6th Cir. 2006). Moreover, the court may not conduct a de novo review of the evidence, determine credibility, or weigh the evidence. Brainard, 889 F.2d at 681. The court's role is limited to a search for substantial evidence, that which is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007).

3

### III. ANALYSIS

#### A. Framework for Disability Determination

In order to qualify as "disabled" under the Social Security Act, a claimant must be "[unable] to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In a step-by-step sequential process, the Commissioner considers whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether she can perform other work in the national economy. 20 C.F.R. § 416.920(a). Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. Richardson v. Sec. of HHS, 735 F.2d 962, 964 (6th Cir. 1984).

#### B. Plaintiff's Objections

Defendant raises two main objections to the R&R: 1) the Magistrate Judge erred in his determination that the ALJ failed to articulate why he assigned no weight to Plaintiff's treating physician Dr. Kondapaneni, and 2) the Magistrate Judge erred in concluding it was inconsistent for the ALJ to afford Dr. Marshall's opinion some weight and Dr. Kondapaneni's opinion little weight because their opinions were substantially similar. Notably, Defendant failed to object to the Magistrate Judge's finding that the ALJ failed to articulate why deference was not afforded to Dr. Kondapaneni's opinion even if it was not entitled to controlling weight pursuant to Social Security Regulations.

Contrary to the Defendant's argument, the ALJ did not provide a sufficient explanation regarding the weight afforded to Dr. Kondapeneni's opinion. Although the decision provides a lengthy and detailed recitation of the evidence, the ALJ merely stated, "I accord little weight to the assessment of Dr. Kondapeneni, as it is not consistent with the weight of the medical of record, including his most recent treatment records." (A.R. 25). The ALJ did not provide examples regarding inconsistencies nor make any comparisons to the record evidence. Generally, treating physicians' reports are entitled to great deference. See Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 242 (6th Cir. 2007). In addition, the ALJ must describe the amount of weight afforded the opinion and provide good reasons in support. Id.; S.S.R. 96-2p. Defendant argues the ALJ detailed the evidence in great length. In addition, the Defendant asserts the decision read as a whole supports the conclusion that Dr. Kondapeneni's opinion should only be afforded little weight. However, merely listing the relevant evidence does not suffice. The ALJ must bridge the gap between the record evidence and why a treating physician's opinion is not entitled to great deference. Here, notably absent from the ALJ's lengthy discussion is any explanation regarding why the treating physician's opinion is only entitled to little weight. The ALJ merely cited an exhibit containing twenty-five pages of records and one record of a treatment visit without pointing to any specific evidence therein. Thus, Defendant's objection is overruled.

Moreover, S.S.R. 96-2p requires that in the event the ALJ does not find a treating source opinion to entitled to controlling weight, the ALJ must determine its weight using all factors enumerated in 20 C.F.R. § 404.1527. These factors include: length of the treatment relationship, supportability of the opinion with the record as a whole, and any

5

specialization of the treating physician. See Blakely v. Comm'r of Soc. Sec., 582 F.3d 399, 406 (6th Cir. 2009). In the instant case, the ALJ failed to do so, and the Defendant did not object to the Magistrate Judge's finding that such an analysis was required. In the absence of such a justification, the opinion of Dr. Kondapeneni was at least entitled to deference in accordance with S.S.R. 96-2p.

Turning to Defendant's second objection, the Court also finds it meritless. It was certainly reasonable for the Magistrate Judge to question why the non-treating source opinion was afforded some weight as opposed to the treating physician opinion receiving only little weight. As noted by the Magistrate Judge, the reports are strikingly consistent with one another. Thus, it is questionable as to why the ALJ accorded greater weight to non-treating source opinion. Indeed, because there is no explanation regarding the ALJ's justification regarding the determination of weight afforded to each source, the Court at a loss to reconcile the ALJ's decision.

## IV.     CONCLUSION

After review, it is clear the decision of the Commissioner is not supported by substantial evidence. Accordingly, the Court **OVERRULES** Defendant's objections, **ADOPTS** Magistrate Judge's R&R, **DENIES** Defendant's Motion for Summary Judgment, **GRANTS** Plaintiff's Motion for Summary Judgment, and **REMANDS** the matter for further proceedings consistent with this Opinion.

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE:  March 22, 2013

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via the Court's ECF Filing System.

s/Bernadette M. Thebolt<br>
Case Manager